43 F.3d 1479
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alton C. SCOTT, Petitioner-Appellant,
v.
Midge CARROLL, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 89-55579.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1994.*
Decided Dec. 14, 1994.
 
 Before: D.W. NELSON, HALL, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alton C. Scott, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 habeas petition. Scott contends that he was denied the effective assistance of counsel when his attorney failed to request a complete investigation into possible jury contamination following the voluntary dismissal of one juror. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993), and affirm.
 
 
 3
 To obtain relief for a claim of ineffective assistance of counsel, a defendant must meet the two requirements enunciated in Strickland v. Washington, 466 U.S. 668 (1984). First, a defendant must show that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Second, a defendant must show that counsel's deficient performance prejudiced the defense. Id. at 692. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The focus of the prejudice analysis is on whether the result of the proceeding was fundamentally unfair or unreliable. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993).
 
 
 4
 Here, one of the jurors indicated that he had seen a copy of Scott's prior criminal record, shortly after the jury began deliberations. The juror stated that he had not shown this document to any of the other jurors or discussed it with them. The trial court excused the juror, selected an alternate juror, and instructed the jury to begin deliberations anew. Subsequently, the jury returned a guilty verdict. Scott now contends that his attorney was ineffective for failing to investigate whether any of the remaining jurors had seen Scott's prior criminal record.
 
 
 5
 Scott fails to meet either prong of the Strickland test. First, Scott has not shown that his attorney's performance was deficient. See Strickland, 466 U.S. at 688. Although another attorney might have requested that the trial court poll all of the jurors, Scott's attorney's decision was within the wide range of reasonable professional assistance; defense counsel made a strategic decision to avoid potential contamination of the other jurors rather than ask whether the jurors had seen any improper materials. See id. at 689-91; Tinsley v. Borg, 895 F.2d 520, 533 (9th Cir.1990) (defense counsel's failure to question other jurors about one juror's possible bias did not fall outside wide range of reasonable professional assistance), cert. denied, 498 U.S. 1091 (1991).
 
 
 6
 Second, Scott fails to show prejudice because he has not demonstrated that the result of the proceeding would have been different. See Strickland, 466 U.S. at 694. Scott has not provided any evidence to support his claim that the remaining jurors saw his criminal record. See Denham v. Deeds, 954 F.2d 1501, 1505 (9th Cir.1992) (petitioner failed to provide any evidence to support his claim that a juror was biased because she briefly met victims). In addition, Scott has not demonstrated that the result of the proceeding was fundamentally unfair or unreliable. See Fretwell, 113 S.Ct. at 844. Accordingly, the district court did not err in dismissing Scott's Sec. 2254 petition because Scott failed to meet his burden of proving ineffective assistance of counsel. See Strickland, 466 U.S. at 687.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3